UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SPRAGUE OPERATING RESOURCES LLC,<br>    Plaintiff,<br><br>vs.<br><br>M/T BRITISH ENGINEER; WMC, LTD;<br>BRITANNIA STEAM SHIP INSURANCE<br>ASSOCIATION EUROPE; and LETTER OF<br>UNDERTAKING DATED APRIL 18, 2023<br>    Defendants, | C.A. No.<br><br>IN ADMIRALTY |

**VERIFIED COMPLAINT**

1) Plaintiff, Sprague Operating Resources, LLC ("Sprague"), is a Delaware limited liability corporation with its principal place of business at 185 International Drive, Portsmouth, New Hampshire. Sprague owns and operates a fuel terminal in East Providence, Rhode Island ("Terminal").

2) Defendant M/T British Engineer, IMO No. 9724702 ("Vessel") is an Oil/Chemical Tanker sailing under the flag of the United Kingdom.

3) Defendant WMC LTD ("WMC") is an international human resources management services provider based in Odessa, Ukraine.

4) Defendant The Britannia Steam Ship Insurance Association Europe ("Britannia") is an insurance company providing Protection & Indemnity insurance to the Vessel. Britannia is organized under the laws of the United Kingdom.

5) Defendant Letter of Undertaking ("LOU") is an asset issued by Britannia to serve as substitute security for Sprague's in rem claim against the Vessel (Count II) as set forth herein. A true and correct copy of the LOU is attached hereto as Exhibit A.

6) This matter is within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30101. This is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

7) This Court has specific personal jurisdiction over all defendants. Sprague seeks jurisdiction over the Vessel and LOU pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rules").

8) Venue is proper in the District of Rhode Island under 28 U.S.C. § 1391(b), Rule C(2)(c) of the Supplemental Rules, the general maritime law, and the LOU.

## COUNT I – NEGLIGENCE (AGAINST THE VESSEL AND WMC)

9) On or about April 10, 2023, the Vessel arrived at Sprague's Terminal for the purpose of discharging 115,000 barrels of RBOB gasoline ("Gasoline") and 38,000 barrels of Ultra-low-sulfur diesel ("Diesel").

10) At all relevant times, the Captain and Crew (collectively the "Crew") of the Vessel were employees or agents of WMC and agents of the Vessel, all acting within the scope of their agency relationships.

11) The Vessel and Crew were responsible for readying the Vessel to discharge the Gasoline from the Vessel's Gasoline tanks into Sprague's gasoline line, which had been connected to a fitting on the Vessel through which Gasoline was intended to be discharged.

12) The Vessel and Crew were responsible for readying the Vessel to discharge the Diesel from the Vessel's Diesel tanks into Sprague's diesel line, which had been connected to a fitting on the Vessel through which Diesel was intended to be discharged.

13) In order to ready the Vessel for the discharge of Gasoline and Diesel, the Vessel and Crew had a duty to ensure that the Vessel's equipment did not cause Gasoline to be discharged into Sprague's diesel line and Diesel not to be discharged into Sprague's gasoline line.

14) The Vessel's piping had a spool piece that, when connected, allowed Gasoline to pass through the Vessel's piping and be discharged from through a fitting intended to be used to discharge Diesel. This design of the Vessel was defective insofar as it did not adequately guard against the potential and foreseeable negligence of the Crew or alert Sprague of the potential for harm caused by the use of the spool.

15) Sprague neither knew nor should have known of this condition aboard the Vessel.

16) The Vessel and the Crew failed to remove the spool piece before commencement of discharge of the Gasoline from the Vessel.

17) Despite having failed to remove the spool piece from the Vessel's piping, the Vessel and Crew notified Sprague that the Vessel was ready to begin discharging Gasoline.

18) As a result of the Vessel and Crew's failure to remove the spool piece, the Vessel and Crew caused Gasoline to be discharged into Sprague's diesel line.

19) The Vessel and the Crew did not intend Gasoline to be discharged from the Vessel into Sprague's diesel line.

20) The Vessel and the Crew did not warn Sprague that, with the spool in place, Gasoline would be discharged from the Vessel into Sprague's diesel line.

21) The Vessel and the Crew negligently caused Gasoline to be discharged from the Vessel into Sprague's diesel line.

22) The discharge of Gasoline into Sprague's diesel line caused contamination of Sprague's diesel line and the diesel that was in Sprague's diesel line.

23) As a result of the contamination caused by the negligence of the Vessel and Crew, Sprague has suffered property damage, clean-up expenses and other financial losses. Such losses amount to no less than $359,612.56.

WHEREFORE, Sprague respectfully requests entry of judgment in its favor and against the Vessel and WMC, jointly and severally, awarding Sprague compensatory damages in an amount no less than $359,612.56, plus prejudgment interest at a rate of 12% per year, attorney's fees, costs, and such further relief as the Court deems just.

## COUNT II – ENFORCEMENT OF MARITIME LIEN (AGAINST THE VESSEL AND LETTER OF UNDERTAKING)

24) Sprague repeats and realleges all preceding paragraphs as if fully set forth herein.

25) The Vessel's negligence has caused property damage and other financial losses to Sprague.

26) As of the time the Vessel caused the property damage and other financial losses set forth herein, Sprague had a valid and enforceable maritime lien in the Vessel as a result of the damage caused by the Vessel's negligence.

27) On or about April 17, 2024, Sprague sent the Vessel and WMC written notice of the damages caused by the negligence of the Vessel and the Crew.

28) On or about April 18, 2023, Britania issued the LOU to Sprague, promising to satisfy any final judgment against the Vessel in return for Sprague's promise to refrain from having the Vessel arrested in order to enforce its lien in the Vessel.

29) Sprague accepted the Letter of Undertaking.

30) The intent of the Letter of Undertaking was to ensure that the rights of the parties would be precisely the same as they would have been had the Vessel been arrested under process of this Court, and then released upon the filing of a release bond.

31) Sprague's lien in the Vessel has been transferred to the Letter of Undertaking.

32) Sprague has not received any payment from or on behalf of the Vessel or Britannia in order to satisfy Sprague's lien.

33) Sprague brings this action to enforce and foreclose on its lien in the Vessel and LOU.

WHEREFORE, Sprague respectfully requests entry of judgment in its favor and against the Vessel and the LOU, jointly and severally, awarding Sprague compensatory damages in an amount no less than $359,612.56, plus prejudgment interest at a rate of 12% per year, attorney's fees, costs, and such further relief as the Court deems just.

### COUNT III – ENFORCEMENT OF LETTER OF UNDERTAKING (AGAINST BRITANNIA)

34) Sprague repeats and realleges all preceding paragraphs as if fully set forth herein.

35) On demand by Sprague and upon a showing of good cause, Britannia is obligated to post security in the form of cash or a suitable bond in the Court up to the amount of $680,000 in order to satisfy a judgment that may be entered against the Vessel.

36) Good cause exists to direct Britania to post cash or suitable bond up to $680,000 in order to satisfy a judgment that may be entered against the Vessel.

37) Upon posting of cash or suitable bond up to $680,000, Britannia may be dismissed from this action without prejudice.

WHEREFORE, Sprague respectfully requests that the Court order Britania to post cash or other appropriate security in this Court, up to the amount of $680,000, in order to satisfy judgment that may enter against the Vessel.

Dated:  May 2, 2024

Respectfully submitted,

**SPRAGUE OPERATING RESOURCES, LLC**

By its Attorneys,

/s/Michael J. Daly
Michael J. Daly, Esq. (#6729)
PIERCE ATWOOD LLP
One Financial Plaza, Suite 2600
Providence, RI 02903
Ph: (401) 490-3424
Fax: (401) 588-5166
mdaly@piereatwood.com

## **VERIFICATION**

1. I <u>Lance Durgan</u> am a citizen and resident of <u>Massachusetts</u>, and am competent to provide this verification under penalty of perjury.

2. I have read the foregoing Verified Complaint and know the contents thereof, and the same are true to my knowledge except as to those matter stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: May 1, 2024

*[signature]*

Director of Operations
Sprague Operating Resources

# EXHIBIT A

April 18, 2023

Sprague Operating Resources LLC
185 International Drive
Portsmouth, New Hampshire 03801

**LETTER OF UNDERTAKING**

Dear Sirs,

| | |
|---|---|
| Vessel: | M/T BRITISH ENGINEER (IMO 9724702) |
| Place: | East Providence, Rhode Island, USA |
| Date: | April 10, 2023 |
| Alleged Incident: | Product Contamination/Clean up Expenses |

In consideration of you and your assignees and subrogees refraining from arresting the M/T BRITISH ENGINEER (also referred to as "the Vessel") or attaching or seizing any other vessel or property belonging to its owner, manager or any related company, or any vessel or property in the same or associated ownership, management, possession or control in connection with the complaint you will timely file in the United States District Court for the District of Rhode Island against the M/T BRITISH ENGINEER *in rem*, to recover for the alleged product contamination/clean up expenses arising out of the above incident on or about April 10, 2023, we hereby agree as follows:

1. To pay and satisfy any final judgment, after all appeals (if any), entered in your favour against the M/T BRITISH ENGINEER *in rem*, up to but not exceeding United States Dollars SIX HUNDRED EIGHTY THOUSAND and 00/100 (US$ 680,000.00) (inclusive of costs and interest, if allowed and if any, including any interest under Rule E(5) of the Supplemental Rules for Admiralty and Maritime Claims) or any lesser amount settled between the parties without final judgment being rendered, where such settlement is made with the approval of the undersigned Association, and where the settlement was on behalf of the M/T BRITISH ENGINEER, *in rem*.

2. To file or cause to be filed a Verified Statement of Right or Interest to the Vessel, and to cause an appearance to be made by the vessel, *in rem*, in the aforementioned suit, said *in rem* appearance to be consistent with the defences available to the vessel and its Owner and shall not be a waiver of any of those defences.

3. On demand, and if good cause, as determined by the court, is shown, to cause to be filed in said action a stipulation for value or bond in form and sufficiency of surety satisfactory to you or to the Court in the above amount securing your claim against the said vessel.

#15969137v1

4.   In the event the stipulation for value or bond referred to in Paragraph 3 above is filed, the undersigned shall have no further obligation under Paragraph 1 above.

5.   It is expressly agreed that the amount of this Letter of Undertaking is subject to reduction by agreement of the parties and if the parties cannot agree to the reduced amount of this Letter, that those at interest with the M/T BRITISH ENGINEER may approach the District Court to set the amount of the security. However, this Letter of Undertaking shall remain in full force and effect until the Court shall order that the face value of the security be reduced, if ever.

This Letter of Undertaking shall apply vessel lost or not lost, in port or not in port.

It is the intent of this Letter of Undertaking that the rights of the parties shall be precisely the same as they would have been had the M/T BRITISH ENGINEER been arrested under process issued out of the United States District Court, then taken into custody by the United States Marshal under the said *in rem* process, and then released upon the filing of a release bond in the foregoing amount and a Verified Statement of Right or Interest to the vessel filed.

This Letter of Undertaking is not to be construed as an admission of liability on the part of the M/T BRITISH ENGINEER, its Claimant or its Owners, and the giving of this Letter of Undertaking is entirely without prejudice to any rights or defences which the said M/T BRITISH ENGINEER, its Claimant, or its Owners may have, none of which is to be regarded as waived, including, but not limited to, the right to seek a dismissal of the action filed in District Court on the basis of an enforceable forum selection clause, forum *non conveniens*, improper venue, or on the basis of an enforceable arbitration clause and the right to restrict any appearance pursuant to Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims. This Letter is limited to the *in rem* claim which may be asserted by you against the M/T BRITISH ENGINEER, as set forth above, and is to run only in favour of Sprague Operating Resources LLC and its interested Underwriters.

It is understood and agreed that this Letter of Undertaking will not bind the undersigned Association to any or all parties collectively in excess of the stated total sum of United States Dollars SIX HUNDRED EIGHTY THOUSAND and 00/100 (US$ 680,000.00) inclusive of costs and interest including any interest under Rule E (5) of the Supplemental Rules for Admiralty and Maritime Claims.

It is understood and agreed that the signing of this Letter by Thomas J. Muzyka an attorney with Clinton & Muzyka, P.C. is not to be construed as binding upon him personally, nor binding upon this firm, but is to be binding only upon The Britannia Steam Ship Insurance Association Europe, whose authority the undersigned the undersigned has received to issue this Letter of Undertaking

Yours truly,
For THE BRITANNIA STEAMSHIP INSURANCE ASSOCIATION EUROPE

By: _____

As Attorney-in-Fact for the above Limited Purpose Only
by Email Authority Received on April 18, 2023

#15969137v1